## ALLAN CUMMINGS *vs.* CHARLES O. PERHAM.

The provision in the Rev. Sts. *c.* 58, § 12, that any person may kill any dog, being without a collar, does not authorize a person to convert such dog to his own use; and a person, so converting such dog, is liable to the owner thereof, in an action of trover.

TROVER for a dog. At the trial in the court of common pleas, before *Williams,* C. J. the plaintiff introduced evidence tending to prove that the defendant converted the dog to his own use; but it was not shown that, at the time of the alleged conversion, there was about the neck of the dog a collar, with the name and place of residence of the owner or keeper legibly marked thereon, as is required by the Rev. Sts. *c.* 58, § 12. The defendant thereupon objected that the plaintiff could have no such title to or property in a dog not having on such collar, as would entitle him to maintain this action. The judge overruled this objection, and the plaintiff obtained a verdict. The defendant alleged exceptions.

*J. G. Abbott,* for the defendant. The Rev. Sts. *c.* 58, § 12, require every owner or keeper of a dog to cause a collar to be constantly kept about his neck; and the keeping of a dog with-

---

out such collar is in itself illegal. " No court," says Lord *Mansfield*, " will lend its aid to a man who founds his cause of action upon an immoral or *illegal* act." *Holman* v. *Johnson*, Cowp. 343. In *Law* v. *Hodson*, 11 East, 300, it was decided, under *St.* 17 Geo. III. *c.* 42, which requires that all bricks, made for sale, shall be of certain dimensions, that a seller of br'cks of smaller dimensions could not recover pay for them. S. P. *Wheeler* v. *Russell*, 17 Mass. 258. *Springfield Bank* v. *Merrick*, 14 Mass. 322. *Morck* v. *Abel*, 3 Bos. & Pul. 35. *Shiffner* v. *Gordon*, 12 East, 296. *Lowry* v. *Bourdieu*, 2 Doug. 468.

As by the statute any person may lawfully kill a dog that is without a collar, it is not easy to perceive why the taking and retaining of him should be unlawful.

*Wentworth*, for the plaintiff.

SHAW, C. J. The court are of opinion that the ruling of the court of common pleas was right.

The cases cited for the defendant do not apply. Most of them are cases upon contracts forbidden by law, where allowing the vendor to maintain an action would have been to afford the power of the law to give effect to a contract intended to be prohibited. It is carrying the principle much further than the precedents will warrant, to say, because a man keeps or uses property in some way contrary to law, and in such manner as to expose himself to a penalty, that therefore an individual may lawfully take it away from him, and keep it with impunity.

Suppose, in the case cited from 11 East, 300, the plaintiff had made bricks for sale, of sizes contrary to law, but had not in fact sold them, nor offered them for sale. Could an individual have taken them away — or, if employed to transport them from the kiln to the owner's house, have carried them to his own, and lawfully kept them ? Were he to use them, an action for the price, if maintained, would promote the very thing intended to be prohibited.

Nor does the authority, given by statute, to kill a dog suffered to go without a collar, warrant a person to convert him to his own use. The object of the statute is, not to confer a ben

efit on an individual, but to rid society of a nuisance by killing the dog. This object would not be accomplished by a person's taking the dog to himself. This is not a case where a greater power includes a less, but where a specific power is given by law, for a specific purpose ; and as the power has not been followed by the defendant, his act is not justified.

*Exceptions overruled, and judgment of the court of common pleas affirmed.*